UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL MORALES, | ) | No. CV 07-06168-VBK |
| Plaintiff, | ) | MEMORANDUM OPINION AND ORDER |
| v. | ) | (Social Security Case) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR"). This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law.

For the reasons to be set forth in this Decision, the Court

affirms this matter and orders it dismissed with prejudice.

**I**

**INTRODUCTION**

On April 25, 2003, Plaintiff filed an application for Supplemental Security Income ("SSI") which was administratively denied. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") which occurred on May 18, 2004, and additionally, on May 3, 2005, June 23, 2005, and June 23, 2006. (Administrative Record ["AR"] 320-332; 314-319; 309-313; 274-308.) An unfavorable decision issued (AR 12), and Plaintiff's request to the Appeals Council for review was denied.

Plaintiff presents the following issues:

1. Whether the ALJ considered the treating physician's opinion regarding Plaintiff's need to elevate his legs;
2. Whether the ALJ properly developed the record in regard to Plaintiff's need to use a cane;
3. Whether the ALJ properly developed the record in regard to mental health records;
4. Whether the ALJ posed a complete hypothetical question to the vocational expert ("VE").

**II**

**NO ERROR WAS COMMITTED WITH REGARD TO PLAINTIFF'S ASSERTED NEED TO ELEVATE HIS LEG OR USE A CANE**

Plaintiff points to a treatment record of uncertain date from the Harbor-UCLA Medical Center. In notes contained in an Outpatient Clinical Report (AR 234), it is noted, "Advise pt. to elevate leg."

2

Plaintiff's assertion of error is that the ALJ failed to develop the record to determine whether Plaintiff required elevation of his leg for a period of 12 continuous months. The ALJ rejected such a conclusion in his decision by noting that there was no indication in the treatment notes that such measures were required for 12 continuous months. (AR 19.)

At each of the four hearings conducted in this case, Plaintiff was represented by counsel. While representation by counsel does not obviate the requirement, in appropriate cases, for the ALJ to develop the record, it is a factor to be considered. Development of the record is particularly required in cases where the evidence is ambiguous, or the record is inadequate to allow proper evaluation of the evidence. (See Smolen v. Chater 80 F.3d 1273, 1288 (9th Cir. 1996); Armstrong v. Commissioner of Soc. Sec. Admin., 160 F.3d 587, 590 (9th Cir. 1998).) Further, even if there is a duty to develop the record, it may be discharged by continuing the hearing or keeping the record open to allow the record to be supplemented. (See Tonapetyan v. Halter 242 F.3d 1144, 1150 (9th Cir. 2001).)

Here, the Court finds no ambiguity in the record or any inadequacy which would require developing the record. The one treatment note referencing that Plaintiff was advised to elevate his leg does not support a finding that Plaintiff would require elevation of his leg for a period of 12 months. Further, Plaintiff must recognize that it is his burden to establish that he is disabled within the meaning of the Social Security Act. That requires that he establish that he was unable to engage in any substantial gainful activities by reason of any medically determinable physical or mental impairment (see 42 U.S.C. §423(d)(1)(A)); that his impairment lasted

for a continuous period of not less than 12 months (Id., see also 20 C.F.R. §404.1509); and, that his period of disability began while he was insured for disability benefits. (See 42 U.S.C. §423(a)(1)(A); see also Thomas v. Barnhart, 278 F.3d 947, 955 (9th Cir. 2002).)

The ALJ went to the highly unusual step of conducting an original hearing and three supplemental hearings. Moreover, at the end of the third supplemental hearing, the ALJ stated that the record would be held open for at least 30 days to obtain additional medical evidence before a decision was issued. (AR 305.) Five months later, on November 30, 2006, the ALJ issued her decision, and during that entire period of time, the record had been held open.

It is somewhat perplexing to the Court that Plaintiff complains that the ALJ should have developed the record when in fact, the ALJ did, post-hearing, receive medical evidence from the very facility referenced in the treating note. (See AR at 231-247, 248-256.) None of these records document a requirement that Plaintiff elevate his leg for any period of time.

This brings the Court to Plaintiff's second contention, that the ALJ erred in failing to properly develop the record with regard to his need to use a cane. Here, Plaintiff notes that the ALJ made a note in the decision that Plaintiff had testified at the May 18, 2004 hearing that he needed a cane for support while standing. (AR at 19, citing AR 283-284.)

Again, Plaintiff faults the ALJ for failing to develop the record, but it is clear that the record was developed, as the Court has already noted. Again, the post-hearing evidence from the same facilities which Plaintiff named in his testimony as prescribing use of a cane do not support that contention.

4

1    The Court finds no merit in Plaintiff's contentions that the
2 record should have been further developed with regards to his asserted
3 need to elevate his leg or use a cane.

### III
### THE ALJ HAD NO OBLIGATION TO DEVELOP THE RECORD
### WITH REGARD TO MENTAL HEALTH RECORDS

As his third issue, Plaintiff notes his testimony during the June 23, 2006 supplemental hearing that, "Well, sometimes I walk to my counseling meetings." (See AR at 287.)  Plaintiff interprets this testimony as indicating a requirement that he undergo mental health counseling. (See JS at 8, et seq.)

The Court fails to appreciate how a reference to counseling meetings constitutes an assertion that Plaintiff attended mental health counseling sessions.  Despite that, Plaintiff seems to ignore the fact that following his testimony, the ALJ sent him out for a consultative psychological examination ("CE") (see AR at 262-273, 305), which occurred on August 29, 2006.  Since Plaintiff does not contest the findings made by the consultative examiner, the Court will therefore not further address this matter.

### IV
### THERE IS NO ERROR IN THE HYPOTHETICAL QUESTION
### POSED TO THE VOCATIONAL EXPERT

Plaintiff's fourth and final issue is that the hypothetical question posed by the ALJ to the VE did not include Plaintiff's need to elevate his leg or to use a cane to ambulate.  This issue need not be addressed in any depth, because the Court has already determined that there is no substantial evidence in the record of Plaintiff's

5

1 need to elevate his leg or to use a cane to ambulate.  The requirement
2 is that the ALJ must only incorporate those limitations which have the
3 support of substantial evidence in the record.  See Andrews v.
4 Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995).

For the foregoing reasons, the decision of the ALJ will be affirmed.  The Complaint will be dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: June 24, 2008                         /s/
                                    VICTOR B. KENTON
                                    UNITED STATES MAGISTRATE JUDGE